produce any responsive documents with his *Responses to Defendants' First Set of Requests for Production of Documents* dated September 3, 2003, and, like all of the other hearing loss plaintiffs, evasively referred the defendants to his *Rule 26(a) Disclosure.* Thereafter, on October 28, 2003, the plaintiff produced a Metro North *Hearing Test Notification Report* dated May 23, 2001, which was received by the plaintiff. See Correspondence of Scott Perry, Esq. dated October 28, 2003, attached hereto as Exhibit "G." Withholding these documents as the plaintiff did cannot be tolerated. Accordingly, the defendants request that the plaintiff be sanctioned as requested below.

e.    **Scofield v. Metro North, et al.:**

Additionally, in <u>Scofield v. Metro North, et al.</u>, the plaintiff produced, <u>at his deposition</u> on September 11, 2003, medical records, including audiograms, from ENT and Allergy Associates, LLC, dated August 9, 2002 and October 15, 2002, copies of which are attached hereto as Exhibit "H." Again, despite the fact that these records predate the plaintiff's *Rule 26(a) Disclosure* dated January 23, 2003, and his *Responses* dated September 3, 2003, the plaintiff withheld these relevant and responsive documents, and instead waited until <u>the day of his deposition</u> to produce these records. Clearly, the plaintiff cannot be permitted to withhold documents (which he had in his possession, custody or control at the time he filed his *Disclosure* and *Responses)* until the day of his deposition, and should be sanctioned for doing so. Thus, the defendants request that the Court sanction the plaintiff as requested below.

####     f.     Fuda v. Metro North, et al.:

Also, in <u>Fuda v. Metro North, et al.</u>, the plaintiff produced, for the first time, on October 28, 2003, <u>the day before the plaintiff's deposition,</u> a copy of Metro North's *Hearing Test Notification Report* dated April 24, 2001. *See* Correspondence of Scott Perry, Esq. dated October 28, 2003, attached hereto as Exhibit "I." This document was, by the plaintiff's own admission, in his possession, custody or control at the time he filed his *Rule 26(a) Disclosure* dated January 23, 2003 and his *Responses* dated September 3, 2003, but was not produced therewith. The plaintiff's blatant disregard for the Federal Rules of Civil Procedure should not be left unaddressed, and the defendants request that the plaintiff be sanctioned as discussed below.

####     g.     Bakutis v. Metro North, et al.:

Next, in <u>Bakutis v. Metro North, et al.</u>, the defendants obtained, via subpoena, an audiogram from Southern New England Ear, Nose & Throat and Facial Plastic Surgery dated <u>November 8, 2000.</u> This document was not produced with the plaintiff's *Rule 26(a) Disclosure* (which he filed on February 21, 2003) despite testifying at his deposition that he obtained the report at the time of the visit, thereby admittedly having possession, custody or control of the same on that date. *See* Deposition Transcript of Francis Bakutis dated September 9, 2003 at pp. 153-155, attached hereto as Exhibit "J." Moreover, the plaintiff failed to produce this highly relevant report with his *Responses* on September 3, 2003, and instead misleadingly directs the

26

defendants to his *Rule 26(a) Disclosure*.  Once again, the defendants request that the plaintiff be sanctioned as requested below.

### h.    <u>Sweeney v. Metro North, et al.</u>:

On October 28, 2003, the plaintiff in <u>Sweeney v. Metro North, et al.</u> produced several of his medical records well after filing his *Rule 26(a) Disclosure* on February 21, 2003, and his *Responses* on September 3, 2003.  These records included Metro North hearing test records, which Mr. Sweeney admittedly received in <u>May, 2002</u>, and Metro North's *Medical Evaluation Results Form* dated December 2, 1999 and Metro North's *Hearing Test Form* dated December 2, 1999, which the plaintiff had obtained in <u>December, 1999</u>.  See Correspondence of Scott E. Perry, Esq. dated October 28, 2003, attached hereto as Exhibit "K."  The plaintiff was admittedly in possession of these documents at the time of his *Disclosure* and *Responses*, yet he did not then produce any of these medical records.  Accordingly, the defendants request that the plaintiff be sanctioned as requested below.

### i.    <u>Sanctions Requested</u>:

Based upon these plaintiffs' proven failures to disclose, Rule 37(c) mandates that these plaintiffs be precluded from using these documents as evidence at trial, at a hearing, or on a motion.  Moreover, this systematic abusive practice cannot be allowed to continue, and therefore, the plaintiffs who have been proven to have abused the rules of discovery, should be sanctioned.  Specifically, based upon the serial discovery abuse, the defendants request that,

27

pursuant to Rule 37(c) and 37(b)(2)(C), that these cases be dismissed. Alternatively, considering the repeated withholding of highly relevant documents, as well as the egregious nature of the withholdings, the defendants request that additional sanctions be imposed pursuant to Rule 37(b)(2)(A) and (B). Additionally, as the instant motion was necessitated by the plaintiffs' obstructive approach to discovery, the defendants request that the Court order the plaintiffs to pay reasonable expenses associated with this *Motion*, including attorney's fees.

The abuses discussed herein lead the defendants to the logical conclusion that additional hearing loss plaintiffs are similarly in the possession, custody or control of documents which should have been disclosed pursuant to Fed. R. Civ. P. 26(a), as well as should have been produced with each of their identical *Responses to Defendants' First Set of Requests for Production of Documents*. Accordingly, the remaining hearing loss plaintiffs should be compelled to produce all medical records in their possession, custody or control, and they should similarly be sanctioned for failing to do so. The failure to disclose by the plaintiffs discussed above, coupled with the identical *Responses* filed by each of the plaintiffs, wherein not one document was produced, which necessitated the instant *Motion,* has significantly prejudiced all of the defendants in the defense of these cases. Systematically and repeatedly withholding these highly relevant documents cannot be left unpunished. Thus, the defendants request that the Court impose the strictest sanctions pursuant to Rule 37(c) in the event that it is discovered that additional plaintiffs have similarly withheld documents, including the dismissal

28

of their cases, or, in the alternative, that the Court bar the use of any and all responsive

documents not produced in the plaintiffs' future motions, hearings and/or trials, and that the

defendants be awarded their costs and attorney's fees associated with the instant *Motion.*

**B.    REQUEST NO. 2:**

1.    **The Plaintiffs Have Failed to Make Disclosure, Failed to Cooperate With Discovery And Provided False Or Misleading Disclosures In Relation To Request No. 2:**

The plaintiffs should also be compelled to produce documents responsive to the

defendants' Request No. 2, which requests, "Any and all medical bills in the possession,

custody or control of the plaintiff which were incurred because of hearing loss allegedly

suffered as a result of the plaintiff's hearing loss." Once again, each and every plaintiff

provided the following identical response, ***absent objection***: "Plaintiff is not claiming any

medical costs." This statement is unresponsive and evasive in that the defendants are not

asking only what the plaintiff is claiming as costs, but requests copies of any and all bills.[5] The

plaintiffs each failed to provide a responsive answer to this request. Thus, the defendants are

requesting that the Court compel each of the plaintiffs to do so.

Moreover, and even more egregious, is that this statement has been proven utterly false

in many of the pending cases, yet the plaintiffs in those matters have failed to correct these

_____

[5] In the parties' conference of November 12, 2003, the plaintiffs' counsel represented that he would supplement
these responses for those plaintiffs who claim hearing aid costs. However, this is not sufficient, as the plaintiffs'
response is still lacking and not responsive to the request.

29

misrepresentations.  For example, as stated above, in <u>Mackey v. Metro North, et al.</u>, the plaintiff produced an invoice from AA Hearing Aid for the cost of hearing aids well after he responded that he was not claiming medical costs.  *See* Exh. E.  Nevertheless, the plaintiff has failed to amend this response.  The defendants request that the plaintiff be sanctioned for this proven misrepresentation by being barred from presenting this document as part of his case, and further request that, in light of the numerous other abuses on the part of the hearing loss plaintiffs, and this plaintiff in particular (as detailed more fully above), that the Court impose the most severe sanction allowable pursuant to Fed. R. Civ. P. 37(c).

Similarly, in <u>Geary v. Metro North, et al.</u>, the plaintiff produced, <u>on the day of his deposition</u>, an invoice from Creswell Audiology dated October 15, 2002, yet he still responded "plaintiff is not claiming medical costs" in his *Responses to Defendants' Request for Production of Documents* dated September 3, 2003.  To date, the plaintiff has not amended his *Response.*

Finally, in <u>Sweeney v. Metro North, et al.</u>, the plaintiff produced by letter of October 28, 2003 (Exh. K), the following documents: (1) Delivery Receipt from Macary's Beltone Hearing Aid Center dated November 12, 2002; (2) MetLife Benefits explanation re: hearing aids November 1, 2002; and (3) A copy of Mr. Sweeney's cancelled check (for payment of hearing aids) dated November 1, 2002.  Once again, despite the plaintiff's obligation to produce these documents with both his *Rule 26(a) Disclosure* dated February 21, 2003 and in response to the

30

defendants' requests for production, which he filed on September 3, 2003, the plaintiff failed to produce these documents despite having possession of the same at the time of these productions.

The misrepresentations made in <u>Mackey</u>, <u>Geary</u> and <u>Sweeney</u> suggest that further responsive documents have been similarly withheld by other hearing loss plaintiffs. In addition, these false statements which are contained within at least the <u>Mackey</u>, <u>Geary</u> and <u>Sweeney</u> *Responses* are clearly sactionable, and the plaintiffs in these cases should be held responsible for these careless, if not intentionally false, statements. Accordingly, pursuant to Rule 37(c) and 37(b)(2), the defendants request that these plaintiffs' cases be dismissed, or that each be bound by their identical answers that they are not claiming any medical expenses and not be allowed to do so at any point during future subsequent litigation or at trial. Also, based on the plaintiffs' campaign of discovery abuse, the defendants request that they be awarded their costs and attorney's fees in connection with the instant *Motion*.

2.    **The Plaintiffs Have Failed to Make Disclosures Of The Information Required By Fed. R. Civ. P. 26(a) and 26(e)(2) And/Or Have Made Misleading False or Misleading Disclosures And Should Be Sanctioned Pursuant to Fed. R. Civ. P. 37(c):**

In addition to failing to produce the documents discussed herein, the plaintiffs in <u>Mackey</u>, <u>Sweeney</u>, and <u>Geary</u> also failed to disclose these documents pursuant to Fed. R. Civ. P. 26(a). Since these plaintiffs were in the possession, custody or control of these documents at

31

the time they filed their *Rule 26(a) Disclosures* on February 21, 2003, February 21, 2003 and January 23, 2003 respectively, and failed to disclose the same, the defendants request that these plaintiffs be sanctioned pursuant to Fed. R. Civ. P. 37(c) and 37(b)(2), including the dismissal of the plaintiffs' cases. Alternatively, the defendants request that these plaintiffs, as well as any plaintiff who has similarly failed to produce and/or disclose documents, evidencing costs incurred allegedly as a result of their hearing loss, be precluded from claiming such amounts as damages.

### C.    **REQUEST NO. 4:**

**The Plaintiffs Have Failed to Make Disclosure, Failed to Cooperate With Discovery And Provided False Or Misleading Disclosures In Relation To Request No. 4:**

In Request No. 4, the defendants ask for the following: "Any and all statements taken from or given by the defendants, Conrail and/or Penn Central, their agents, servants and/or employees which relate in any way to the hearing loss that the plaintiff allegedly received as alleged in his *Complaint*." Shockingly, each and every plaintiff responded, "I am not aware of any. To the extent this request seeks statements obtained after the instant lawsuit was filed, the plaintiff objects to this request because any such statements are protected by the work-product doctrine, see Fed.R.Civ.P. 26(b) and need not be disclosed in a privilege log pursuant to Conn. L.R. of Civ.P. 37."

First, the defendants request the plaintiffs' objections be stricken. Local Rule 37

32

exempts only "written communications between a party and *its* trial counsel after the commencement of the action and the work product material created after the commencement of the action." It is unclear how the *defendants'* statement could possibly fall into this category. At the very least, the plaintiffs are required to disclose the existence of such documents, even if a privilege is deemed properly claimed. Accordingly, the defendants request that the plaintiffs be compelled to provide a more complete response to this Request.

Second, in the event that documents which are responsive to this Request exist and have not been produced by a plaintiff, the defendants request that the plaintiffs be compelled to produce such documents. Moreover, should such documents which the plaintiff(s) had in his possession, custody or control at the time that he filed his *Rule 26(a) Disclosure* or his *Response to Defendants' First Set of Requests for Production of Documents* be produced at a later date, the defendants request that sanctions be imposed in connection with the withholding of such documents.

D.    **REQUEST NO. 5:**

1.    <u>**The Plaintiffs Have Failed to Make Disclosure, Failed to Cooperate With Discovery And Provided False Or Misleading Disclosures In Relation To Request No. 5:**</u>

In Request No. 5, the defendants ask for "Any and all reports and/or statements, whether in writing or recorded by mechanical and/or electronic means, made by the plaintiff to any of his employers which related in any way to the allegations of the plaintiff's hearing loss."

33

Amazingly, every single plaintiff provided the following <u>identical</u> responses, ***absent objection***: "None."

However, in at least one hearing loss case to date, <u>Bakutis v. Metro North, et al.</u>, this response has been proven to be completely false. Despite responding in his September 3, 2003 *Responses* that he possessed no such responsive documents, Mr. Bakutis, by letter dated September 5, 2003, approximately <u>two (2) business days prior to his deposition</u>, produced approximately twenty (20) written complaints and/or reports concerning excessive noise levels which were submitted to his employer from 1999 through 2003. *See* Correspondence of Scott Perry, Esq. dated September 5, 2003, attached hereto as Exhibit "L." These reports were admittedly in possession, custody and control of these numerous reports on February 21, 2003 when he filed his *Rule 26(a) Disclosure,* and as of September 3, 2003, when he indicated in his *Response* that he had no such reports in his possession. Yet, to date, the plaintiff has failed to correct this untrue response. Based upon this false representation, as well as the failure to produce these reports with the plaintiff's discovery responses, the defendants request that the plaintiff's case be dismissed pursuant to Rule 37(c) and 37(b)(2), or, at least, that the plaintiff be barred from using these reports, as well as any subsequently produced responsive documents, at any future hearing, with any motion, or at trial pursuant to Rule 37(c), and that the be compelled to amend his *Responses* accordingly.

In addition, this late disclosure by Mr. Bakutis, as well as the additional discovery

34

abuses detailed herein, lead the defendants to believe that other hearing loss plaintiff have similarly misrepresented whether they are in possession of any documents responsive to Request No. 5.

This circumstance may be particularly prejudicial to the defendants in cases such as Kane v. Metro North, et al.. In his response to the defendants' Interrogatory No. 22, which states: "Please state whether you complained to anyone concerning noise levels at the defendants, Consolidated Rail Corporation and/or Penn Central's, railroad operations, and, if so: (a) identify by name and title each person to whom such complaint(s) was made; (b) when such complaint(s) was made; and (c) the substance of each such complaint," Mr. Kane stated that he made several complaints, although he does not state whether such complaints were written or oral. See *Plaintiff's Response to Defendant Consolidated Rail Corporation's First Set of Interrogatories to the Plaintiff* dated October 21, 2003, attached hereto as Exhibit "M." Nevertheless, the plaintiff also responded to Request No. 5 in the same manner as all of the other hearing loss plaintiffs – that he has no responsive documents. Then, at his deposition which was conducted on November 24, 2003, the plaintiff testified that he maintained a file at home which contained a variety of documents relating to his hearing loss claim, and that the file may contain copies of written complaints, which he testified he had made. See Deposition Transcript of Charles Kane dated November 24, 2003 at pp. 41, 67-68, attached hereto as Exhibit "N." In light of the plaintiff's response that he possessed no such documents, the fact

35

that the plaintiff admitted not only that such documents exist, but are in the possession of the plaintiff, along with other responsive documents, is outrageous.[6]  Based upon this false representation, as well as the failure to produce these reports, the defendants request that Mr. Kane's case be dismissed, or, alternatively, that the Court compel him to amend his *Responses* accordingly.  Moreover, Rule 37(c) mandates that the plaintiff be barred from using these documents at any future hearings, with any motions, or at trial.

> **2.      The Plaintiffs Have Failed to Make Disclosures Of The Information Required By Fed. R. Civ. P. 26(a) and 26(e)(2) And/Or Have Made Misleading False or Misleading Disclosures And Should Be Sanctioned Pursuant to Fed. R. Civ. P. 37(c):**

As stated above, the plaintiffs in <u>Bakutis v. Metro North, et al.</u> and most in likely <u>Kane v. Metro North, et al.</u>, were in possession, custody or control of these complaints at the time they filed their *Rule 26(a) Disclosures* on February 21, 2003; however, they failed to produce these highly relevant documents.   This is clearly a discovery abuse, and pursuant to Fed. R. Civ. P. 37(c), the plaintiffs' cases should be dismissed, and, at the least, Rule 37(c) mandates that the plaintiff be precluded from using these documents at any future hearing, in support of any motion or at trial.  Moreover, based upon these plaintiffs' failure to disclose relevant medical records, as detailed more fully above, the defendants request that this Court impose the most severe sanctions permitted by Rule 37(c), and that the Court award the defendants their

---

[6] The plaintiff also testified that the he had never seen the defendants' *Request for Production of Documents*.

36

costs associated with this *Motion* in relation to <u>Bakutis v. Metro North, et al.</u> and <u>Kane v. Metro North, et al.</u>

Further, the defendants request that any documents subsequently produced by any hearing loss plaintiff, which are responsive to Request No. 5 and were in the possession, custody or control of the plaintiff(s) at the time he filed his respective *Rule 26(a) Disclosure,* whether because of an order compelling him to do so or otherwise, should be similarly sanctioned pursuant to Rule 37(c).

E.     **REQUEST NO. 8:**

**The Plaintiffs Should Be Compelled To Produce A More Complete
Response to Request No. 8, And The Plaintiffs Should Be Sanctioned For
Their Discovery Abuse:**

In Request No. 8, the defendants request, "Any and all documents pertaining to the investigation of the plaintiff's alleged hearing loss." Each and every one of the plaintiffs responded as follows: "Plaintiff objects to this request because it is overly broad and because it seeks information protected by the work product doctrine and the attorney client privilege. With respect to any responsive documents obtained prior to the commencement of the lawsuit, see plaintiff's 26a Disclosure."

The defendants request that the plaintiffs' objection be overruled since pursuant to Local Rule 37, the plaintiffs are required to disclose the existence of any privileged documents which are responsive to this Request, and the defendants request that the plaintiffs do so.

*37*

In relation to the non-privileged, responsive documents, the plaintiffs' identical directives to "see plaintiff's 26a Disclosure" are unacceptable.  As stated more fully above, the majority of the hearing loss plaintiffs have failed to produce documents as required by Fed. R. Civ. P. 26(a).  Most, as of the date of their respective *Rule 26(a) Disclosures* disclosed only the report of Dr. Kirchner.  It is entirely possible, especially considering the plaintiffs' suspect discovery practices, that these documents were in the possession, custody or control of the plaintiffs at the time that they filed their *Rule 26(a) Disclosures,* yet they once again failed to produce the same in violation of Rule 37(c).  Regardless, it is perfectly reasonable to assume that additional documents which are responsive to Request No. 8 exist and have not been produced.

Additionally, merely referring the defendants to the plaintiffs' *Rule 26(a) Disclosures* either in an attempt to mislead the defendants or to avoid the work of producing documents, cannot be allowed and clearly prejudices the defendants. Accordingly, the defendants request that the plaintiffs' be compelled to respond to Request No. 8, as well as produce any responsive documents.  Also, the defendants' request that should such documents exist that have not been produced, that the plaintiffs' cases be dismissed or that they be barred from using the same at any future hearing, in support of any motion, or at trial pursuant to Rule 37(c), and that the defendants be awarded their costs and attorney's fees associated with the instant *Motion.*

38

**F.    REQUEST NO. 10:**

**The Plaintiffs Have Failed to Make Disclosure, Failed to Cooperate With Discovery And Provided False Or Misleading Disclosures In Relation To Request No. 10:**

The defendants, in Request No. 10, sought the following:

Any and all medical records, reports, letters and statements, including full and complete hospital records and doctor's records, which were made in connection with any illnesses or injuries or other physical, mental or other conditions the plaintiff incurred, suffered from or for which he has been treated relative to any problems with his hearing, hearing loss and/or problems associated with his ears or any part thereof.

Once again, each and every plaintiff responded identically as follows:

Plaintiff objects to this request as unduly burdensome, overly broad, vague and not reasonably calculated to lead to the discovery of admissible evidence. To the extent this request seeks medical records that do not related (sic) to plaintiff's hearing, hearing loss, and/or problems with his ears, the plaintiff objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. With respect to records pertaining to plaintiff's hearing, see plaintiff's 26a Disclosure.

After a conference with the plaintiffs' counsel, he agreed to withdraw his initial objection to this Request. This is not enough. Merely referring the defendants to the plaintiffs' various *Rule 26(a) Disclosures* is unacceptable. As discussed more fully herein, many records which were in the possession, custody or control of the plaintiffs at the time of their *Rule 26(a) Disclosures* were produced subsequent to the filing of the *Disclosures*, or have never been produced at all.

Moreover, merely referring to the *Disclosures* does not meet the plaintiffs' burden of responding completely and fully to the defendants *Requests*. Accordingly, the defendants

39

request that the plaintiffs be required to supply a more complete response, as well as produce any responsive documents. Also, based upon the many abuses which have been uncovered to date, as well as the additional insult of identical responses, should such documents be produced hereafter, the plaintiffs' cases should be dismissed pursuant to Rule 37(c) and 37(b)(2)(C). Further, Rule 37(c) mandates that the plaintiffs should be barred from using any such documents at a later hearing, in support of a motion, or at trial. The defendants also request, considering the plaintiff's multiple and severe discovery abuses, that the plaintiffs be further sanctioned pursuant to Rule 37(c) and that they be awarded their costs and attorney's fee in connection with the instant *Motion.*

G.    **REQUEST NOS. 11 AND 12:**

**The Plaintiffs Should Be Compelled To Produce A More Complete
Response to Request Nos. 11 and 12:**

The defendants' Request No. 11 provides:

Any and all documents containing the names and addresses of all witnesses known to the plaintiff who were witnesses either directly or indirectly to the unreasonably unsafe working conditions and/or excessive noise to which the plaintiff was allegedly exposed.

Each and every plaintiff responded identically, as follows: "Plaintiff objects to this request as overly broad, vague, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence."

Request No. 12 seeks:

Any and all reports, statements, signed or unsigned, transcribed, and/or written, in the

40

possession, custody or control of the plaintiff which were filled out or completed by any witness to the unreasonably unsafe working conditions and/or excessive noise to which the plaintiff was allegedly exposed.

Once again, all of the plaintiffs responded identically, as follows:

Plaintiff objects to this request as overly broad, vague, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. To the extent this request seeks statements obtained after the instant lawsuit was filed, the plaintiff objects to this request because any such statements are protected by the work-product doctrine, see Fed.R.Civ.P. 26(b) and need not be disclosed in a privilege log pursuant to Conn. L.R. of Civ.P. 37.

These Requests are perfectly clear and unambiguous. The defendants therefore request that the plaintiffs' identical objections all be overruled, and that the plaintiffs should be compelled to produce responsive documents, as well as a log for any documents which are allegedly protected by a privilege. The defendants also request the Court to consider the plaintiffs' evasive and obstructionist responses to these requests as further evidence of their strategic pattern of serial discovery abuse.

H.    **REQUEST NO. 13:**

   **The Plaintiffs Should Be Compelled To Produce A More Complete Response to Request No. 13:**

The defendants' Request No. 13 asks for:

Any and all documents, including but not limited to notices, correspondence, reports and/or memoranda from Penn Central and/or Conrail within the possession, custody or control of the plaintiff, informing the plaintiff of the results of any and all hearing tests, including but not limited to audiometric testing.

41

Again, all of the plaintiffs responded, ***absent objection***, exactly the same way, "None other than those, if any, produced by the defendant." This response is evasive, unresponsive, and incomplete. The defendants have requested copies of those responsive documents which are in the possession of the individual plaintiffs, not those which have been produced by the defendants. These documents are highly relevant to these claims, as notice of the plaintiffs' alleged hearing loss is a central issue in these cases. Further, it appears from the identical responses that plaintiffs' counsel did not even bother to check with their clients or review their files to make a good-faith determination of whether they were in the possession, custody or control of any responsive documents. Thus, the defendants request that each plaintiff be compelled to provide a more complete response, and also to produce any and all documents which are responsive to this Request. The defendants also request that the plaintiffs be sanctioned pursuant to Rule 37(c) for evidently failing to even attempt to locate responsive documents, and that the Court award the defendants' their costs and attorney's fees associated with the instant *Motion*.

l. **REQUEST NO. 14:**

   **The Plaintiffs Should Be Compelled To Produce A More Complete Response to Request No. 14:**

The defendants, in Request No. 14, seek the following: "Any and all safety rules and/or policies and procedures provided by Penn Central and/or Conrail during the plaintiff's

42

employment with said Penn Central and/or Conrail." Each and every plaintiff provided the following unresponsive statement, "Plaintiff objects to this request since all defendants' rules policies and procedures are in possession of the defendant." This response is evasive, unresponsive, and incomplete. The defendants have requested copies of those responsive documents which are in the possession of the individual plaintiffs, not the defendants, as this request relates to the plaintiff's understanding of applicable safety rules, and whether he had notice of said rules. Moreover, the objection is invalid. Thus, the defendants request that the plaintiffs be required to provide a more complete response, absent objection, to this Request and that the defendants be awarded their costs and attorney's fees in relation to the instant *Motion* which was necessitated by the plaintiffs' abuses.

## J.    REQUEST NO. 18:

### The Plaintiffs Should Be Compelled To Produce A More Complete Response to Request No. 18:

Perhaps one of the most egregious and costly failures to produce on the part of the plaintiffs is their identical responses to the defendants' Request No. 18. In this Request, the defendants seek the following: "If the plaintiff is not able to provide records in accordance with any of the above-stated requests, then a duly executed authorization signed by the plaintiff for such records is hereby requested in the alternative." Shockingly, especially in light of the plaintiffs' collective failure to produce a single medical record (or any other document) each

43

plaintiff answered as follows: "Plaintiff objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence."

The plaintiffs' refusal to produce medical records and/or authorizations to the defendants is cause for dismissal. Their claims center on an alleged medical condition which they allege to be caused by their employment with the defendants, yet they have refused to produce any evidence (other than the report of the expert in each of these cases, Dr. Kirchner) to support these claims. Moreover, the plaintiffs' counsel has apparently made a conscious, strategic decision to produce only what they feel like producing, and only when they feel like doing so. Thus, the plaintiffs have failed to produce documents as required by the Rules and have further complicated matters by affirmatively obstructing the defendants from going out and getting their documents with authorizations.

Instead of providing authorizations to the defendants, the plaintiffs have required that the defendants draft their own authorizations, only after they have been able to discover the identity of the plaintiffs' physicians by some other means (whether it be at a plaintiff's deposition, after a review of the plaintiff's answers to interrogatories, or through other medical records). This is further complicated by the fact that many of the plaintiffs have failed to date to provide answers to the defendants' interrogatories (which specifically inquire as to treating the plaintiffs' treating physicians).[7] As a result, the defendants have been required to expend a

---

[7] The defendants initially agreed, based upon the volume of the cases, to allow the plaintiffs additional time to

44

great deal of time and expense in preparing authorizations.  Moreover, the defendants run the

risk of failing to uncover relevant medical providers, thereby allowing the plaintiffs to profit

from their discovery abuse and refusal to abide by the Rules. This cannot be permitted, and the

defendants respectfully request that each of the plaintiffs be required to either produce their

complete medical records [which they did not object to in their identical responses, but instead

attempted to circumvent their obligations by referring the defendants to their incomplete *Rule

26(a) Disclosures*], or provide the appropriate medical authorizations to be sent to their various

providers.  Moreover, the defendants request that the Court impose the strictest sanctions

permitted under Rule 37(c), and that the Court award the defendants their costs and fees

associated with preparing the authorizations, as well as the costs and attorney's fees in

connection with the instant *Motion.*

**III.    CONCLUSION:**

The plaintiffs cannot be allowed to play by their own rules.  Plaintiffs' counsel chose to

bring over fifty (50) lawsuits against the defendants. The volume does not excuse their

discovery abuses, but instead, makes them all the more offensive, as they have been duplicated

in all of these cases. All of the parties have been forced to manage a large amount of cases, and

the repeated abuses by the plaintiffs complicates this weighty task even further.  They must be

---

respond to the defendants' interrogatories. However, this courtesy has proven to prejudice the defendants because
the plaintiff's answers have been produced, in the majority of the cases, only shortly before a plaintiff's deposition,
leaving them without enough time to obtain the records through subpoena or other means. The defendants intend to
more fully address this failure with the plaintiffs accordingly.  If this issue cannot be resolved amicably, the

45

compelled to follow discovery practices in these claims, and the defendants implore the Court

either dismiss each of these cases, or at least sanction the plaintiffs and/or their counsel

accordingly.

Respectfully submitted,
CONSOLIDATED RAIL CORPORATION and
AMERICAN FINANCIAL GROUP, INC.,
By their Attorneys,



Michael B. Flynn, # ct21275
Lori A. McCarthy #ct19557
FLYNN & ASSOCIATES, P.C.
189 State Street, Sixth Floor
Boston, MA 02109
(617)722-8253
(617)722-8254 (facsimile)

---

defendants reserve their right to compel interrogatory answers from the plaintiffs.

46

## **CERTIFICATION**

This is to hereby certify that a copy of the foregoing has been mailed, postage prepaid, this 10ᵗʰ day of December, 2003, to the following:

Scott E. Perry, Esq.
Cahill & Goetsch, P.C.
43 Trumbull Street
New Haven, CT 06511

Anthony D. Sutton, Esq.
Ryan, Ryan, Johnson & Deluca, LLP
80 Fourth Street
P.O. Box 3057
Stamford, CT 06905

Lori A. McCarthy

G:\F & A\CASE FILES\CSX OCCUPATIONAL\HEARING LOSS\General Hearing Loss\Pleadings\Memo of Law in Support of Motion to Compel 12.10.03.doc

47