**FELA HEARING LOSS CASES. MAY BE FILED IN NEW HAVEN AS ORDERED BY MAGISTRATE MARGOLIS.**

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN P. GEARY ) <br> ) <br>     Plaintiff, ) <br> v. ) <br> ) <br> METRO-NORTH RAILROAD ) <br> COMPANY, CONSOLIDATED RAIL ) <br> CORPORATION and AMERICAN ) <br> FINANCIAL GROUP, INC., f/k/a ) <br> AMERICAN PREMIER ) <br> UNDERWRITERS, INC., ) <br> f/k/a PENN CENTRAL CORPORATION. ) <br> ) <br>     Defendants. ) <br> _____) | CIVIL ACTION <br> NO.:  3:02 CV 1679 (WWE) <br><br><br><br><br><br><br><br><br><br><br>February 13, 2004 |

**DEFENDANTS, CONSOLIDATED RAIL CORPORATION, AMERICAN FINANCIAL GROUP, INC. AND METRO NORTH RAILROAD COMPANY'S JOINT OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION AND MOTION TO EXTEND <u>DEADLINE FOR FILING OBJECTIONS</u>**

The defendants, Consolidated Rail Corporation ("Conrail"), American Financial Group, Inc. ("American") and Metro North Railroad Company ("Metro North") hereby jointly oppose the *Plaintiffs' Motion for Reconsideration and Motion to Extend the Deadline for Filing Any Objections Until After the Court Rules on the Instant Motion* dated January 27, 2004, wherein the plaintiffs request that Magistrate Judge Margolis reconsider her *Order* granting, in part, the

**ORAL ARGUMENT REQUESTED/TESTIMONY NOT REQUIRED**

defendants, Conrail and American's, *Motion to Compel* the plaintiffs to respond to these defendants' *Request No. 4* and *12*, as well as ordering the plaintiffs to produce any responsive documents obtained from the defendants' employees subsequent to the initiation of the instant lawsuits for *in camera review* no later than January 30, 2004. As grounds for their *Opposition* the defendants state that: (1) any such responsive documents obtained subsequent to the initiation of the plaintiff's individual lawsuits must be reviewed in order to determine whether they are discoverable; (2) any such responsive documents obtained by the plaintiff are highly relevant to the instant litigation, and it is the plaintiffs' burden to prove that such documents are subject to the work product doctrine, which, to date, they have failed to do; and (3) the plaintiffs' request for extension of time is unclear and unwarranted in relation to the remaining requests for production, and as the close of fact discovery for the first two (2) batches of hearing loss cases is quickly approaching, i.e. March 31, 2004, such late supplementation would prejudice the defendants' ability to complete discovery within the prescribed time period.

I.   **PROCEDURAL HISTORY:**

First, Conrail and American's Request No. 4 seeks, "Any and all statements taken from or given by the defendants, Conrail and/or Penn Central, their agents, servants and/or employees which relate, in any way, to the hearing loss that the plaintiff allegedly received as alleged in his Complaint." Each and every plaintiff responded identically that he "was not aware of any," and further indicated that any such statements obtained after the instant lawsuit had been filed were protected by the work product doctrine. The Court noted in it's January

2

15, 2004 *Ruling* that such post-litigation statements may be subject to Rule 4.2 and that, as such, must be submitted to the Court for *in camera* review no later than January 30, 2004. See *Ruling* at pp. 17-18.

Moreover, the defendants' Request No. 12 seeks, "Any and all reports, statements, signed and unsigned, transcribed and/or written, in the possession, custody or control of the plaintiff which were filled out or completed by any witness to the unreasonably unsafe working conditions and/or excessive noise to the plaintiff was allegedly exposed." Each and every plaintiff objected to this Request, and further stated that any such statements obtained once litigation had commenced were subject to the work product doctrine. The Court ordered that to the extent that any responsive documents existed, that they be produced to the defendants no later than January 30, 2004, and that any such responsive documents obtained post-litigation be submitted to the Court for *in camera* review by January 30, 2004.

The plaintiffs' have now filed the instant *Motion for Reconsideration* requesting that only pre-litigation statements be subject to the Court's *Ruling*. Not only does this request make no sense in light of the Court's explicit *Ruling*, but the plaintiffs fail to provide any support for their request whatsoever, and therefore, for the reasons stated more fully below, the *Motion for Reconsideration* should be denied.

II.     **ARGUMENT**:

    A.     **THE PLAINTIFFS' MOTION FOR RECONSIDERATION SHOULD BE DENIED BECAUSE THE COURT'S RULINGS CONCERNING POST-LITIGATION STATEMENTS WAS CLEAR, APPROPRIATE AND**

3

### **REASONABLE, AND THE PLAITNIFFS HAVE FAILED TO PROVIDE ANY SUPPORT FOR THEIR MOTION:**

The Court clearly and explicitly explained in its *Ruling* that the plaintiffs were being ordered to produce any and all post-litigation statements to the Court for *in camera* review on the grounds that such statements may be subject to, and violative of, Rule 4.2.  Moreover, the Court details both the Rule itself and its purpose in directing the plaintiffs to submit post-litigation statements which are responsive to the defendants' Request Nos. 4 and 12.  As the Court plainly noted, the plaintiffs' communications with the defendants, Conrail and American's employees, as well as Metro North's employees, is potentially improper considering Rule 4.2 (as the plaintiffs have not requested permission or provided notice to the defendants, at any point during the instant litigation to contact such employees), and documentation concerning such communications would clearly be discoverable.  This order was entirely appropriate and the most reasonable course in order to determine, if such statements exist, whether they are subject to, and potentially violative of, Rule 4.2, as well as whether the documents at issue are subject to the work produce doctrine, as the plaintiffs summarily contend.

The plaintiffs appear to argue, by simply citing 45 U.S.C. § 60 (2003) in their *Motion,* that statements obtained by the plaintiffs' counsel from the defendants' employees in connection with this litigation are not violative of Rule 4.2, and therefore, they should not be subject to the Court's *in camera* review. The plaintiffs are correct that 45 U.S.C. § 60 (2003) *may* allow such communications with the defendants' employees, and if provides, in pertinent

4

part:

> Any contract, rule, regulation, or device whatsoever, the purpose, intent, or effect of which shall be to prevent employees of any common carrier from furnishing voluntarily information to a person in interest as to the facts incident to the injury or death of any employee, shall be void, and whoever, by threat, intimidation, order, rule, contract, regulation, or device whatsoever, shall attempt to prevent any person from furnishing voluntarily such information to a person in interest, or whoever discharges or otherwise disciplines or attempts to discipline any employee for furnishing voluntarily such information to a person in interest, shall, upon conviction thereof, be punished by a fine of not more than $ 1,000 or imprisoned for not more than one year, or by both such fine and imprisonment, for each offense: Provided, That nothing herein contained shall be construed to void any contract, rule, or regulation with respect to any information contained in the files of the carrier, or other privileged or confidential reports.

Although the District of Connecticut does not appear to have ruled specifically on the relationship between this provision and Rule 4.2, courts have accepted the argument that 45 U.S.C. § 60 allows counsel legally to engage in ex parte communications with employees of defendant thus creating an exception to the ethical rules. *See* Pratt v. National R.R. Passenger Corp., 54 F.Supp.2d 78 (D. Mass. 1999); Shaffer v. Union Pac. R.R., 1996 U.S. Dist LEXIS 1975 (D.Or. 1996); United Transp. Union Local Unions 385 and 77 v. Metro-North Commuter R.R. Co., 1995 U.S. Dist. LEXIS 15989 (S.D.N.Y. 1995).

Although Rule 4.2 may not be applicable to the instant cases, it is appropriate for the Court to review any responsive documents *in camera* in order to determine whether any responsive documents violate the Rule, as well as determine whether they are discoverable. Yet, the plaintiffs essentially request that the Court vacate its *Ruling* concerning *in camera* review of post-litigations statements, and instead request that the plaintiffs only be compelled to produce pre-litigation responsive documents. The plaintiffs make this request without

5

providing any reason whatsoever as to why the Court should so drastically amend its *Ruling*, let alone provide any legal support for their *Motion*. In fact, Local Rule 7(c) provides that motions for reconsideration, "… shall be accompanied by a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court overlooked in the initial decision or order." The plaintiffs have failed to do so.[1]

Accordingly, the plaintiffs' *Motion for Reconsideration* must be denied.

### B. THE PLAINTIFFS' MOTION FOR RECONSIDERATION MUST BE DENIED BECAUSE THE COURT MUST REVIEW ALL RESPONSIVE DOCUMENTS IN ORDER TO DETERMINE WHETHER THEY ARE SUBJECT TO THE WORK PRODUCT DOCTRINE:

The plaintiffs, in response to the defendants' Request No. 4, all state that although they are not aware of any responsive documents, that, to the extent such documents exists, that they are protected by the work-product doctrine. In response to the defendants' Request No. 12, the plaintiffs all fail to state whether to state whether he is in possession of any responsive documents, and instead once again object by stating that any responsive documents are protected by the work product doctrine. The work product doctrine protects from disclosure documents and materials prepared in anticipation of litigation or trial by a party or a party's representative, absent a showing of substantial need and the inability to obtain the substantial equivalent without undue hardship. *See* Fed. R. Civ. P. 26(b)(3). "At its core, the work-product doctrine shelters the mental processes of the attorney, providing a privileged area within which

---

[1] It is also unclear whether the plaintiffs should be allowed to file the instant motion at all, in that it is the defendants' position that the plaintiffs should have objected to the *Ruling* within the time prescribed, and as is clearly stated in the *Ruling* itself, and have failed to do so. Accordingly, the plaintiffs' instant *Motion for Reconsideration* should be denied, and the plaintiffs should be preclude from objecting to the *Ruling,* as the time

he can analyze and prepare his client's case." United States v. Nobles, 422 U.S. 225, 238, 45 L. Ed. 2d 141, 95 S. Ct. 2160 (1975).

The party invoking the protection of the work product doctrine has the burden of establishing that the documents at issue were prepared in anticipation of litigation. Helt v. Metropolitan District Commission, 113 F.R.D. 7, 12 (D. Conn. 1986).  The burden of proving that the need for the documents overrides the protection of the work product doctrine rests with the party seeking disclosure. Id.

The plaintiffs have failed to meet their burden to date, in that they have not even identified whether such responsive documents exist and they have certainly not provided any support for their position. Instead, they now request that they be compelled only to produce pre-litigation responsive documents and seemingly ignore the remainder of the documents. This cannot be allowed.  The Court must review any post-litigation statements obtained by the plaintiffs from the defendants or their employees, agents and/or representatives in order to determine whether such documents should be afforded protection of the work product doctrine. Moreover, at first blush, it appears that statements taken from such individuals, may not only be potentially violative of Rule 4.2, but may not be shielded by the work product doctrine, as they may not contain or reveal the mental process of the plaintiffs' counsel – the very purpose of the doctrine.  Further, the plaintiffs should be afforded an opportunity to present evidence of their substantial need for such highly relevant documents, especially in light of the plaintiffs' failure to identify and/or disclose witnesses, documents and other discoverable materials (as

---

within which to do so has elapsed.

detailed in the defendants' *Motion to Compel*).

      **C.**    **THE PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO FILE OBECTIONS TO THE COURT'S RULING SHOULD BE DENIED:**

The plaintiffs' *Motion for Extension of Time to File Objections,* wherein they request ten (10) days from the date of the Court's ruling concerning the instant *Motion for Reconsideration* to file "any objections to the Court's January 15th Ruling," is without merit, would unfairly prejudice the defendants, and must be denied. First, without seeking the defendants' consent to the request for extension, or even notifying the defendants of their intention to make such a request or file the instant motion,[2] the plaintiffs attempt to circumvent both the Court's initial *Ruling* demanding the plaintiffs' compliance with the same by January 30, 2004, as well as the applicable Rules which required the plaintiffs to object to the *Ruling* no later than January 28, 2004 (10 days, plus 3 additional days allowing for service) by requesting an unreasonable extension as the close of fact discovery in the first two (2) batches of hearing loss cases is March 31, 2004, two months away. Pursuant to Local Rule 7(a)(1), the defendants have twenty-one (21) days to respond to the plaintiffs' instant motion, to and including February 18, 2004, and then the plaintiffs have an opportunity to file a reply brief by February 28, 2004, and of course, the Court must be allowed time to rule on the instant motion. There is no way that the parties be able to complete discovery of the first two batches by March 31,

---

[2] Counsel for Conrail and American spoke with the plaintiffs' counsel on the morning of January 29, 2004, prior to receiving the instant motion, and plaintiffs' requested the defendants' consent to a proposed motion for extension of time for "confirmation of compliance" with the Court's *Ruling* until February 12, 2004 for the first two batches and April 30, 2004 (tentatively) for the second two batches. Being unaware of the instant request for extension, and based upon the volume of cases, and in the spirit of restoring relations between counsel, the defendants consented to the requested extension. The defendants, however, do not agree to the lengthy (and unspecific)

2004, if the plaintiffs do not even file their objections until this late date, and this clearly prejudices the defendants.

Further, the plaintiffs do not request additional time to object to the requests at issue, but instead unreasonably ask for additional time (based on the instant motion for reconsideration) to object to <u>any</u> of the additional requests ruled upon.  The plaintiffs do not even bother to provide any reason why they require the additional time. Allowing such late objections, which the defendants will be afforded the opportunity to respond to, will greatly interfere with the discovery deadlines in the first two batches of cases, and is simply not warranted.  Accordingly, the defendants request that the plaintiffs' *Motion for Extension of Time* be denied.

Further, in the event the instant *Motion for Extension* is granted, the defendants accordingly request an extension of sixty (60) days of the discovery deadlines applicable to the first two (2) batches of cases. However, the defendants will properly consult with plaintiffs' counsel in this regard and file the appropriate motions if necessary.

**III.    CONCLUSION:**

For the reasons stated more fully above, the defendants respectfully request that the *Plaintiffs' Motion for Reconsideration and Motion to Extend the Deadline for Filing Any Objections Until After the Court Rules on the Instant Motion* should be <u>DENIED</u>.

Respectfully submitted,

CONSOLIDATED RAIL CORPORATION,         METRO NORTH RAILROAD

---

extension that the plaintiffs now, without notice, request concerning objections.

| | |
|---|---|
| AMERICAN FINANCIAL GROUP, INC., <br> By their Attorneys, | COMPANY, <br> By its Attorneys, |
| _____ <br> Michael B. Flynn,#ct21215 <br> Lori A. McCarthy #ct19557 <br> FLYNN & ASSOCIATES, P.C. <br> 189 State Street, Sixth Floor <br> Boston, MA 02109 <br> (617)722-8253 <br> (617)722-8254 (facsimile) | _____ <br> Anthony D. Sutton, #ct20607 <br> RYAN, RYAN, JOHNSON & DELUCA <br> P.O. Box 3057 <br> Stamford, CT 06905 <br> (203) 357-9200 <br> (203) 961-9872 (facsimile) |

## **CERTIFICATION**

  This is to hereby certify that a copy of the foregoing has been mailed, postage prepaid, via overnight delivery, this 13th day of February, 2004, to the following:

Scott E. Perry, Esq.
Cahill & Goetsch, P.C.
43 Trumbull Street
New Haven, CT 06511

              _____
              Lori A. McCarthy